UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DANIEL CARDENAS and
LOYDA CARDENAS,

            Case No.: 24-CV-4201 (JMF)

    Plaintiffs,

  v.

JONATHAN GUERRA,
LISA MARIE ALFREY and
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendants.
------------------------------------------------------------X

**[~~PROPOSED~~] ORDER FOR INTERPLEADER RELIEF**

   Upon Motion for Interpleader Relied submitted jointly by Plaintiffs, Daniel Cardenas and

Loyda Cardenas ("Plaintiffs"), and Defendants, Jonathan Guerra ("Guerra"), Lisa Marie Alfrey

("Alfrey") and The Prudential Insurance Company of America ("Prudential"), and the Court

having considered the application of the Parties, and for good cause having been shown;

   **IT IS ORDERED** as follows:

   1.  The Joint Motion for Interpleader Relief is hereby **GRANTED**;

   2.  Prudential shall distribute to its attorneys a check in the amount of $10,000.00, as

an award to Prudential for partial reimbursement of its attorneys' fees and costs, representing a

portion of the $185,000.00 in death benefits due (the "Death Benefit") as a result of the death of

Lauren Cardenas (the "Insured") in connection with group life insurance contract number G-70339

(the "Plan"), an ERISA-regulated employee welfare benefits plan issued by Prudential to

Accenture LLP;

3.      Prudential shall distribute to the Clerk of Court a check in the amount of $175,000.00, representing the remainder of the Death Benefit due after the payment described above, plus applicable interest, if any (together, the "Interpleader Funds");

4.      The Clerk of Court shall accept and deposit the Interpleader Funds into the Disputed Ownership Fund (DOF) in the Court Registry Investment System (CRIS) pending further Order(s) of the Court;

5.      Pursuant to Rule 67.1 of the Local Rules of Civil Procedure for the United States District Court for the Southern and Eastern Districts of New York, the Clerk shall deduct from the income on the investment a fee equal to ten percent (10%) of the income earned, but not exceeding the fee authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office;

6.      Upon deposit of the Interpleader Funds, Prudential shall be, and hereby is, discharged of all liability to Plaintiffs, Guerra and Alfrey (together, the "Adverse Claimants") relating in any way to, arising out of, or otherwise in connection with Plan, Death Benefit and/or Interpleader Funds, and all claims, rights, interests and actions that the Adverse Claimants might otherwise have held against Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators with respect to the Plan, Death Benefit and/or Interpleader Funds are hereby released;

7.      The Adverse Claimants shall be, and hereby are, permanently enjoined from making any further actual or implied claims, demands and causes of action, asserted or unasserted, express or implied, foreseen or unforeseen, real or imaginary, suspected or unsuspected, known or unknown, liquidated or unliquidated, of any kind or nature or description whatsoever, that the

Adverse Claimants, jointly and severally, ever had, presently have, may have, or claim or assert to have, or hereinafter have, may have, or claim or assert to have, against Prudential relating to the Plan, Death Benefit and/or Interpleader Funds;

8.     Each Adverse Claimant does therefore release, remise, and forever disclaim all claims, rights, interests and actions that such Adverse Claimant might otherwise have held against Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, relating in any way to, arising out of, or otherwise in connection with Plan, Death Benefit and/or Interpleader Funds;

9.     Prudential shall be, and hereby is, dismissed from this action with prejudice and without further costs or fees to any party, and all complaints, claims, counterclaims, cross-complaints, and crossclaims that were asserted or could have been asserted against Prudential shall be, and hereby are, dismissed with prejudice;

10.     The Court shall retain jurisdiction over Prudential for purposes of discovery, and any motion by Prudential for additional attorneys' fees and costs in connection therewith, to be deducted from the Interpleader Funds on deposit; any discovery requests to Prudential shall be served upon Prudential's counsel of record and shall otherwise be governed pursuant to all applicable Court rules as if Prudential was still a party to this action following entry of this Order; and

11.     This action shall be retained on the Court's docket for resolution of the Adverse Claimants' claims to the funds deposited by Prudential, and distribution thereof.

This ORDER shall be deemed a final judgment in accordance with Fed. R. Civ. P. 54(b), there being no just reason for delay.

ORDERED  this __22__ day of ___October_____ 2024.

_____
United States District Judge

The Clerk of Court is directed to terminate ECF No. 54 and to terminate Prudential as a party.